Petra PEREZ, a widow, Plaintiff,

v.

Robert S. FINCH, Secretary of Department of Health, Education and Welfare, Defendant.

Civ. No. 2574.

United States District Court,
E. D. Washington, S. D.

July 13, 1970.

Boose & Garrison, Sunnyside, Wash., for plaintiff.

Dean Smith, U. S. Atty., and Robert S. Linnell, Asst. U. S. Atty., Yakima, Wash., for defendant.

## MEMO DECISION

POWELL, Chief Judge.

The final decision of defendant disallowed plaintiff's application for widow's insurance benefits under 42 U.S.C.A. § 402(e). Plaintiff maintains as the surviving widow of the decedent Jose Perez she is entitled to social security benefits. They were denied to her on the ground that she was not married to decedent "for a period of not less than nine months immediately prior to the day on which he died" as required by 42 U.S.C.A. § 416(c). This action was brought under 42 U.S.C.A. § 405(e).

The parties have filed cross motions for summary judgment. Jose and Petra Perez were from Mexico and could not read or speak English. They lived in Yakima County. Both had been married previously to others and the marriages had been dissolved. They applied for and obtained a marriage license on July 5, 1960. No civil or religious ceremony of marriage was performed thereafter until January 2, 1968 when Father Jose Ybarra married them in the Catholic Church. They are represented as sincere in their belief that they were married by civil authorities when they obtained their license. Jose Perez died January 21, 1968.

█ Plaintiff contends that since Washington does not recognize common law marriages and some states do, the decision herein results in depriving her of "equal protection" under the Fourteenth Amendment. The law in Washington is clear that common law marriages have no legal standing. In re Gallagher's Estate, 35 Wash.2d 512, 213 P.2d 621 (1950); In re Warren, 40 Wash.2d 342, 243 P.2d 632 (1952).

█ Plaintiff and her deceased husband did not reside outside the State of Washington after they obtained their marriage license. The law seems settled that the validity of a marriage is to be determined by the law of the place where contracted. (See citations above). The law of Washington must control. Since plaintiff was not legally married to the decedent until January 2, 1968 the plaintiff had not been married for the required nine months at the time of the death of decedent. Plaintiff does not qualify as a "surviving widow".

The "equal protection" clause of the Fourteenth Amendment in the fact pattern here would operate to protect citizens of other states from discriminatory laws in Washington. Here the law of Washington determines the validity of plaintiff's marriage. Marriages are valid in Washington if valid where contracted. There is no violation of the equal protection clause.

The statute requires that the marriage be for not less than nine months prior to the death of the wage earner in order for the widow to qualify as a "surviving widow". The Act creates the insurance benefits and Congress may impose such restrictions as it determines advisable. No question of the reasonableness of the nine month limitation is raised here.

Defendant's motion for summary judgment will be granted and plaintiff's be denied. Defendant is asked to submit an appropriate order.